UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>MOHAMMAD "MOE" DIAB and )<br>RANI EL-SAADI, )<br>)<br>Defendants. )<br>_____ ) | CRIMINAL NO. 1:19-cr-00374 (RDM) |

**GOVERNMENT'S PROPOSED VOIR DIRE**

The government proposes the following voir dire:

**I.    Knowledge of the Case**

The Indictment in this case charges the defendants Mohammad "Moe" Diab and Rani El-Saadi with violations of campaign finance laws and with conspiracy to violate campaign finance laws. The indictment also charges Moe Diab with one count of obstruction for making false statements to the FBI.

The Indictment alleges that from March 2016 through June 2018, the defendants, Moe Diab and Rani El-Saadi, engaged in a conspiracy with Ahmad "Andy" Khawaja, Roy Boulos, Rudy Dekermenjian, Stevan Hill, and Thayne Whipple. During that time, Andy Khawaja was the Chief Executive Officer of Allied Wallet Inc., where Moe Diab worked as Chief Operating Officer, and Rani El-Saadi owned and operated a luxury travel service that provided services to Andy Khawaja.

According to the Indictment, Andy Khawaja provided funds to all members of the conspiracy, including Moe Diab and Rani El-Saadi, so that they could make political contributions in their names as though they were the source of the funds, thereby concealing that the true source of the political contributions was Andy Khawaja. The Indictment further alleges that, in so doing,

1

the defendants caused several political committees to unwittingly accept these contributions as if they were made by the defendants when, in fact, they were made with funds provided by Andy Khawaja, and that this caused the political committees to submit false reports to the Federal Election Commission, a federal agency.

Most of the political contributions in furtherance of conspiracy were made in connection with the 2016 presidential election, but you should know that the conspiracy and the political contributions continued after the presidential election. You should also know, not because it is of any legal or factual relevance, but because it could affect your ability to serve as a juror, that the political contributions initially focused on the candidate who ultimately lost the election in 2016, but after the election, shifted in part to the party of the successful candidate. In other words, the political contributions at issue in this trial were made on both sides of the aisle. Lastly, you should know that the Indictment does not charge any of the political committees or candidates for office who received the political contributions made in furtherance of the conspiracy.

1. Is there anything about the nature of the charges in this case that would prevent you from deciding this case fairly?

2. Other than what I've just summarized, have you heard, seen, or read anything from any source about this case?

## II. Knowledge of the Parties

3. The government is represented by Victor Salgado, Michelle Parikh, and Jolee Porter. They will be assisted in this trial by Special Agent Brandon Merriman of the FBI and paralegal Connor Mulvey. Do any of you know or have any connection to Mr. Salgado, Ms. Parikh, Ms. Porter, Special Agent Merriman, or Mr. Mulvey in any capacity?

4. The defendants in this case are Moe Diab and Rani El-Saadi. Do any of you know or have any connection to Mr. Diab or Mr. El-Saadi in any capacity?

5. The defendants were charged along with six other individuals who are not part of this trial. These individuals are Andy Khawaja, George Nader, Rudy Dekermenjian, Roy Boulos, Stevan Hill, and Thayne Whipple. Do any of you know or have any connection to Mr. Khawaja, Mr. Nader, Mr. Dekermenjian, Mr. Boulos, Mr. Hill, or Mr. Whipple?

6. Defendant Moe Diab is represented by Harland Braun. Do any of you know or have any connection to Mr. Braun in any capacity?

7. Defendant Rani El-Saadi is represented by Megan Cunniff Church and Justin Shur. Do any of you know or have any connection to Ms. Church or Mr. Shur in any capacity?

8. During this case, you may hear testimony from or about the following individuals. [LIST PARTIES' WITNESSES] Do any of you know or have any connection to any of these individuals in any capacity?

### III.   Experience with the Legal System and U.S. Government

9. Have you or any close family or friends ever worked in law enforcement of any kind?

10. Have you or any close family or friends ever been accused of, arrested for, or charged with a crime?

11. Have you or any close family or friends ever been the victim of or a witness to a crime, regardless of whether the crime was reported to law enforcement?

12. Have you or any close family or friends ever studied or practiced law or worked in the legal profession in any way, including as a paralegal or administrative assistant in a law office, or investigator for a lawyer, including in a prosecutor's or public defender's office?

13. Have you or any close family or friends ever been employed by the courts, either at the federal, state, or local level?

14. Have you or any close family or friends ever had an experience with the U.S. Attorney's Office, the Federal Bureau of Investigation, the U.S. Government, or any other law enforcement agency that would make it difficult for you to be fair and impartial in this case?

15. In this case, you may hear testimony from law enforcement officers. Do you have any opinions regarding law enforcement officers that would affect your ability to fairly and impartially evaluate the credibility of a law enforcement officer like any other witness, simply because he or she is a law enforcement officer?

16. Have you had any experiences generally with law enforcement that could make it difficult for you to be fair and impartial in this case?

17. Have you ever served as a juror before, either on a grand jury or a petit jury, at the federal, state, or local level?

**IV.    Case-Specific Issues**

18. Have you ever attempted to make a contribution to a presidential candidate or to a political committee but were notified that the contribution had been rejected or returned?

19. Do you have any strong opinions about our campaign finance laws that would make it difficult to be fair and impartial in this case?

20. Our election laws impose limits, or caps, on the amount of money a person can contribute in a calendar year or election cycle. Do you have any opinions about these limits or caps?

21. Our election laws prohibit contributions made in the name of another, also known as conduit or straw contributions, which are essentially contributions that a person makes with someone else's money and at the direction of that other person. Do you have any opinions about this prohibition?

22. Our election laws prohibit contributions made with funds from a foreign person or a foreign government. Do you have any opinions about this prohibition?

23. Do you have strong opinions concerning the FBI or the United States Department of Justice that would make it difficult for you to be fair and impartial in this case?

24. As noted earlier, this case will involve evidence of contributions made to a candidate for the Office of the President of the United States in the 2016 election. There is no allegation that either the candidate or the candidate's campaign were aware of the allegedly unlawful nature of the contributions that were allegedly made by the defendants, or that either the candidate or the candidate's campaign committed any crime in connection with these contributions. Nonetheless, do you have such strong opinions about the 2016 presidential election or about either of the candidates in that election that would undermine your ability to be fair and impartial in this trial?

25. Did you or any of your family members or friends work for a campaign in the 2016 presidential election or for a political committee affiliated with either campaign or national political party?

26. Do you keep up with news and current events? If so, where do you get your news from?

27. During this trial you may hear testimony from witnesses who have pled guilty pursuant to a court-approved plea agreement with the government under which the witness has agreed to cooperate with the government in the hope that he will receive a more lenient sentence in return for truthful cooperation. Plea agreements such as these are lawful and permitted. Is there anything about these circumstances that will make it difficult for you to evaluate such testimony fairly and impartially in accordance with my instructions?

**V.     Ability to Serve as a Juror**

28.    If you were selected as a juror in this case, would it be difficult for you to disregard any ideas, notions, or beliefs about the law you may hold, and render a fair and impartial verdict based solely on the evidence presented and my instructions of the law?

29.    If you were selected as a juror in this case, would it be difficult for you to disregard any ideas, notions, or beliefs about the political and electoral process you may hold, and render a fair and impartial verdict based solely on the evidence presented and my instructions of the law?

30.    Do you have any physical or emotional disability, impairment, or condition that would interfere with your ability to hear, see, or pay attention to the evidence in this case?

31.    Do you have any difficulty speaking, understanding, reading, or writing English?

32.    Do you have any moral, religious, social, philosophical, or ethical beliefs that would make it difficult or impossible for you to render a fair and impartial verdict in this case? For example, do you have any beliefs that prevent you from sitting in judgment of another person?

33.    I expect this case to take approximately two weeks. A trial of this length is a hardship on virtually every juror. Is there some reason that this trial would cause a particular hardship that would prevent you from serving on this jury?

34.    Is there any other reason that you can think of, whether or not it has been covered by a previous question, why you could not sit fairly, attentively, and impartially in this case?

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

By:    /s/ Victor R. Salgado

                                            Victor R. Salgado (D.C. Bar No. 975013)
                                            Michelle K. Parikh (D.C. Bar No. 1044532)
                                            Jolee Porter (N.Y. Bar No. 4909362)
                                            Public Integrity Section
                                            Criminal Division
                                            U.S. Department of Justice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

Dated:  November 15, 2021         /s/ *Victor R. Salgado*
                                  Victor R. Salgado
                                  Public Integrity Section
                                  Criminal Division
                                  U.S. Department of Justice