**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CRIMINAL NO. 1:19-cr-00374 (RDM)** |
| **MOHAMMAD "MOE" DIAB and** | ) | |
| **RANI EL-SAADI,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**GOVERNMENT'S MOTION TO AMEND PRELIMINARY**
**JURY INSTRUCTIONS REGARDING OBJECT ONE OF THE CONSPIRACY**

The draft preliminary jury instructions describe the first object of the conspiracy as follows:
"(1) to willfully make contributions in the name of another person or permit one's name to be used to effect contributions in the name of another person."  Draft Prelim. Jury Instruct. at 6, ECF No. 191.  The Indictment, however, charges the following as to the first object of the conspiracy:

> willfully making contributions in the name of another person and permitting one's name to be used to effect such contributions, *and causing another to accept contributions made by one person in the name of another person*.

Indictment ¶ 53(a), ECF No. 1 (emphasis added).  The government respectfully requests that the preliminary jury instructions include the above language when describing the first object of the conspiracy.

The Indictment appropriately charges Defendants Rani El-Saadi and Mohammad Diab with offenses under 52 U.S.C. § 30122 and 18 U.S.C. § 2(b).  The D.C. Circuit has upheld the applicability of 18 U.S.C. § 2(b) for analogous conduit contribution schemes.  *See United States v. Hsia*, 176 F.3d 517, 523 (D.C. Cir. 1999) ("Nor is the general scheme of the indictment novel; the application of § 2(b) to a conduit contribution scheme has been several times upheld." (citing cases)).  In *Hsia*, the defendant was charged with conspiracy to defraud the United States and "by

means of her conduit contribution schemes, willfully caused certain [political committee] recipients of such contributions . . . to make false statements to the [Federal Election Commission, or FEC] in violation of 18 U.S.C. §§ 2 and 1001" because these committees had listed the contributions as falsely reported to those committees. *Id*. at 521.  Reversing the district court's dismissal of these counts, a panel of the D.C. Circuit found that conduct (similar to the conduct alleged here) was appropriately charged under 18 U.S.C. §§ 2(b) and 1001.  In that case, the court found that "the simple interposition of conduits to sign the checks is certainly enough to 'cause' a committee to make false statements in its report." *Id*. at 523.  This was so because, under an FEC regulation, political committees must report "any contribution made by check, money order, or other written instrument . . . [to] be reported as a contribution by the last person signing the instrument," "[a]bsent evidence to the contrary."  11 C.F.R. § 104.8(c).  The government has alleged this type of causation in the instant matter.  When the defendants made contributions to unwitting political committees as if they were the contributors, when in fact they were not, the political committees that received their contributions nominally attributed those contributions to the defendants and, ultimately, accepted unlawful contributions in the name of another.  Thus, defendants caused these political committees to engage in an offense against the United States.

Similarly, Section 2(b) has been charged in other cases involving conduit contribution schemes. *See United States v. Kanchanalak*, 192 F.3d 1037, 1046–47 (D.C. Cir. 1999) (reversing dismissal of indictment on the grounds that, in part, "[i]f an individual . . . participates in the conduit transaction by signing the check himself or conspiring with another to do so, he is 'causing' a false statement to be made to the FEC in violation of §§ 2(b), 1001"); *United States v. Trie*, 21 F. Supp. 2d 7, 14 (D.D.C. 1998) (relying on 18 U.S.C. § 2(b) in charging defendant with causing a political committee to make false statements); *see also United States v. Whittemore*, 776 F.3d

1074, 1080 (9th Cir. 2015) (defendant charged with excessive contributions and making false statements, under 18 U.S.C. § 2).  And, more generally, courts have upheld the applicability of Section 2(b) to schemes in which a defendant served as an intermediary to cause an unwitting person to commit an offense.  *See, e.g.*, *United States v. Smukler*, 991 F.3d 472, 486 (3d Cir. 2021) ("[Section 2(b)] imposes liability on a defendant who does not himself commit the prohibited *actus reus*, but intentionally manipulates an innocent intermediary to commit the prohibited *actus reus*." (internal quotation omitted)).

Contrary to defense counsel's assertion at the February 22, 2022, pretrial conference, the *mens rea* element of the underlying substantive statute does not affect the applicability of Section 2(b).  As relevant here, the Indictment charges defendants under 52 U.S.C. § 30122, which proscribes in part "knowingly accept[ing] a contribution made by one person in the name of another person."  Under the theory of liability in Section 2(b), "the *actus reus* element merges with the *mens rea* element to focus liability on the person harboring the criminal intent."  *United States v. Singh*, 979 F.3d 697, 717–18 (9th Cir. 2020), *cert. denied sub nom. Matsura v. United States*, 210 L. Ed. 2d 833 (May 24, 2021) (citation omitted).  Put another way, "[Section] 2(b) allows the Government to split an offense's *mens rea* and *actus reus* between two different individuals.  The defendant must possess the requisite *mens rea*, and the third party must commit the offense's *actus reus*."  *United States v. Percoco*, 317 F. Supp. 3d 822, 835 (S.D.N.Y. 2018) (citation omitted).  In *Hsia*, for instance, a D.C. Circuit panel upheld Section 2(b) liability even where the substantive false statements charge proscribed "knowingly and willfully . . . mak[ing] any materially false, fictitious, or fraudulent statement or representation . . . ."  *Hsia*, 176 F.3d at 521 (quoting 18 U.S.C. § 1001(a)).

Further, no agency relationship between the defendant and the person who the defendant caused to commit the offense is required for a charge under 18 U.S.C. § 2(b). Indeed, the D.C. Circuit has recognized that the application of 18 U.S.C. § 2(b) liability to conduit contribution schemes "has been several times upheld," *Hsia*, 176 F.3d at 523, without any reference to a requirement of an agency relationship, and despite the lack of any apparent agency relationship between the contributor and the recipient committees in that case. In *Hsia*, the D.C. Circuit found that "Section 2(b) does not, of course, limit by its terms the particular means by which the defendant may 'cause' another to commit the act, nor the degree of permissible 'attenuation' between these two people's actions." *Hsia*, 176 F.3d at 522. In *Hsia*, the defendant and recipient political committees, who unwittingly made false statements to the FEC, had no agency relationship. Rather, the court observed that the *mens rea* element of Section 2(b) "provides an outer limit" to this relationship, "for a weak or implausible causal link would make it more difficult to prove that the defendant brought the effect about 'willfully.'" *Hsia*, 176 F.3d at 522–23; *see also United States v. Jordan*, 927 F.2d 53, 55 (2d Cir. 1991) ("'Causation' is not some attenuated relationship between offender and offense."). A defendant can be charged as a principal under Section 2(b) when the defendant causes a person who is innocent or who does not act with intent to commit an act that would otherwise constitute a crime, and courts have not imposed agency or other restrictions onto this relationship for Section 2(b) to apply. The United States is unaware of any case imposing an agency requirement in the context of § 2(b) liability. Such a requirement would necessarily undercut the well-established application of § 2(b) liability in conduit contribution cases, which do not typically involve any agency relationship between the contributor and the recipient committee.

For the foregoing reasons, the government respectfully requests that the preliminary jury instructions include the language "willfully making contributions in the name of another person and permitting one's name to be used to effect such contributions, and causing another to accept contributions made by one person in the name of another person" when describing the first object of the conspiracy.

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

By:    */s/ Victor R. Salgado*
**Victor R. Salgado**
Senior Litigation Counsel
D.C. Bar No. 975013
**Michelle K. Parikh**
Trial Attorney
D.C. Bar No. 1044532
**Tanya D. Senanayake**
D.C. Bar 1006218
Public Integrity Section
Criminal Division
U.S. Department of Justice

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.


Dated:  February 23, 2022                          _/s/ Victor R. Salgado_
                                                   Victor R. Salgado
                                                   Public Integrity Section
                                                   Criminal Division
                                                   U.S. Department of Justice