UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 1:19-cr-00374 (RDM) |
| MOHAMMAD "MOE" DIAB and ) | |
| RANI EL-SAADI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### GOVERNMENT'S POSITION ON *MENS REA* STANDARD IN PROPOSED JURY INSTRUCTIONS

On March 3, 2022, this Court directed the parties to submit legal support for their respective positions on the term "willfully" in the proposed jury instructions. Tr. of Jury Trial, Afternoon Session, Mar. 3, 2022, at 52. The government has proposed the following standard for the term "willfully" for the charged offenses involving violations of the Federal Election Campaign Act, 52 U.S.C. § 30101, *et seq.* ("FECA"):

> An act is done willfully if the defendant acted with knowledge that some part of his course of conduct was unlawful and with the intent to do something the law forbids, and again not by mistake or accident. In other words, a person acts "willfully" when he or she acts with a "bad purpose" to disobey or disregard the law. It is not, however, necessary for the government to prove that the defendant was aware of the specific provision of the law that he or she is charged with violating. Rather, it is sufficient for the defendant to act knowing that his or her conduct is unlawful, even if he or she does not know precisely which law or regulation makes it so.

Government's Proposed Jury Instructions, ECF No. 149, at 12 (footnote omitted). The government respectfully submits that its standard for "willfully" should be adopted in the final jury instructions because it is consistent with decisions from the U.S. Supreme Court and reflects the standard that has been adopted by every court that has addressed this issue.

1

I.	***Mens Rea* Standard for FECA Offenses**

As relevant here, Defendants Mohammad Diab and Rani El-Saadi have been charged with conspiracy to commit crimes against the United States, including willfully making campaign contributions in the name of another person, permitting one's name to be used to effect such contributions, and causing the acceptance of unlawful contributions; willfully causing the submission of false, fictitious, and fraudulent statements and representations to the Federal Election Commission (FEC); and knowingly causing false entries in records with the intent to impede, obstruct, and influence the proper administration of matters within the FEC, in violation of 18 U.S.C. § 371.  *See* ECF No. 1 (Indictment).  Each of these defendants has also been charged with willfully permitting his name to be used to effect contributions of another to political committee, and willfully caused the same entities to unwittingly accept contributions made by one person in the name of another person, in violation of 52 U.SC. §§ 30122 and 30109(d)(1)(A)(i), and 18 U.S.C. § 2.  *See id*.

Courts have almost universally interpreted FECA's criminal provisions to require the *mens rea* standard set forth in *Bryan v. United States*, 524 U.S. 184 (1998): the defendant must act with "knowledge that the conduct is unlawful" in a general sense, even if he is not aware of the specific law prohibiting it.  *See id*. at 196.  This Court should adopt *Bryan*'s *mens rea* standard for the FECA violations alleged in or incorporated by Counts 13, 17, 18, and 33, and it should reject El-Saadi's request to apply the heightened standard to these and the remaining counts.

The Supreme Court has repeatedly observed that "willfully" is a "'word of many meanings' whose construction is often dependent on the context in which it appears." *Bryan*, 524 U.S. at 191 (citation omitted); *accord, e.g.*, *Ratzlaf v. United States*, 510 U.S. 135, 141 (1994); *Spies v. United States*, 317 U.S. 492, 497 (1943).  In the criminal law context, the term "willfully" "typically refers

to a culpable state of mind." *Bryan*, 524 U.S. at 191. The Supreme Court has explained that, "[a]s a general matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.'" *Id.*; *see, e.g.*, *Heikkinen v. United States*, 355 U.S. 273, 279 (1958) ("bad purpose"); *United States v. Murdock*, 290 U.S. 389, 394 (1933) (same); *Felton v. United States*, 96 U.S. (6 Otto) 699, 702 (1877) ("bad intent"). "[A] variety of phrases have been used to describe that concept," *Bryan*, 524 U.S. at 191, including an act taken "without justifiable excuse"; an act taken "stubbornly, obstinately, [or] perversely"; an act taken "without ground for believing it is lawful"; and an act taken with "careless disregard [to] whether or not one has the right so to act," *Murdock*, 290 U.S. at 394-95 (citation omitted); *see Bryan*, 524 U.S. at 191 n.12. The Court has held that a defendant acts "willfully" in this sense if he acts with "knowledge that the conduct is unlawful" in a general sense, even if he is not aware of the specific law prohibiting it. *Bryan*, 524 U.S. at 196.

Yet El-Saadi requests an instruction that incorporates a heightened *mens rea* standard that has no applicability here. El-Saadi has proposed the following instruction:

> A person acts willfully if he acts voluntarily, purposely, and with the specific intent to violate a known federal law. Proof that a person acted willfully requires more than knowing or intentional acts. A defendant cannot act willfully if he does not know of the existence and meaning of the statute making his conduct criminal. Nor can a person act willfully unless he acts with the intent to violate the statute making his conduct criminal. That is, proof that a person acted willfully requires proof beyond a reasonable doubt that the person both knew of the existing and meaning of the statute making his conduct criminal and acted with the intent to disobey or to disregard that statute.

El-Saadi's Proposed Jury Instructions, ECF No. 147, at 36. El-Saadi thus requests a heightened standard for the interpretation of "willfully"—one that the Supreme Court has only applied in the context of tax and structuring statutes. *See, e.g.*, *Cheek v. United States*, 498 U.S. 192, 201 (1991). The standard El-Saadi asks this Court to apply is essentially that "the jury must find that the defendant was aware of the specific provision of the [criminal] code that he was charged with

3

violating." *Bryan*, 524 U.S. at 194; *see Ratzlaf*, 510 U.S. at 138 (adopting a similar rule in the context of a prohibition on structuring currency transactions); *Cheek*, 498 U.S. at 201-202 (same in the context of a criminal tax law). However, the Supreme Court has applied that more demanding construction of "willful" only in the context of "highly technical" tax and currency structuring statutes because those provisions "presented the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan*, 524 U.S. at 194-95. In fact, El-Saadi's only other citation in support of his proposed heightened standard is a tax evasion case brought in the D.C. Circuit, a case entirely inapposite to the situation here. *See* ECF No. 147, at 36 n.28 (citing *United States v. Han*, 962 F.3d 568, 572 (D.C. Cir. 2020)). In *Han*, the D.C. Circuit applied a heightened *mens rea* standard, finding that, "[i]n a tax-evasion case, the government's burden on that issue [of willfulness] is steep." *Id*. (citing *Cheek*, 498 U.S. at 201). El-Saadi further cites to *Ratzlaf v. United States*, 510 U.S. 135 (1994), and *Cheek v. United States*, 498 U.S. 192 (1991). *See* ECF No. 147, at 36 n.28. The Court's application of the heightened standard for the term "willful" in these decisions were limited to the specific statutes—antistructuring law and the tax code, respectively—at issue in those cases. But the government is aware of only one decision, issued very soon after the Supreme Court had issued *Bryan*, that applied a heightened standard to criminal violations of FECA. *See United States v. Trie*, 21 F. Supp. 2d 7, 15-16 (D.D.C. 1998). Since that time, courts addressing the *mens rea* standard for substantive FECA violations have universally adopted the *Bryan* definition of willfulness.

In *Bryan*, the Court made clear that the more restrictive interpretation of "willful" adopted in *Ratzlaf* and *Cheek* was limited to the specific statutes at issue in those cases. *See United States v. Whittemore*, 944 F. Supp. 2d 1003, 1007 (D. Nev. 2013) ("*Bryan* signal[ed] a general retreat from the *Cheek/Ratzlaf* interpretation of willfulness."). The *Bryan* Court addressed 18 U.S.C.

§ 924(a)(1)(D), which makes it a crime to "willfully" violate certain federal firearms laws, including the licensing scheme at issue in the case. 524 U.S. at 186-89. The district court had instructed the jury that "a person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law." *Id.* at 190 (citation omitted). The defendant challenged that instruction, asserting that Section 924(a)(1)(D) required proof that he knew about the specific legal requirement at issue — a standard akin to the stringent interpretation of "willfully" that the Court had previously applied only in the context of tax laws and in *Ratzlaf*. *Id.* at 192-95. The Court rejected the defendant's argument, holding that a person acts "willfully" within the meaning of Section 924(a)(1)(D) if he "knew that his conduct was unlawful" in a general sense. *Id.* at 195. The Court "readily distinguish[ed]" its decisions in *Ratzlaf* and *Cheek*, stating that they had "'carv[ed] out an exception to the traditional rule' that ignorance of the law is no excuse." *Id.* (quoting *Cheek*, 498 U.S. at 200).

After the Supreme Court decided *Bryan*, most lower courts held that the heightened intent standard set forth in *Ratzlaf* and *Cheek* is limited to the specific criminal violations that were at issue in those two cases. *See, e.g.*, *United States v. Hsia*, 176 F.3d 517, 522 (D.C. Cir. 1999) (stating that *Ratzlaf* "did not universalize a broad reading of 'willfully' and thus overturn the general rule that ignorance of the law is no excuse"). Every court that has directly addressed FECA's criminal intent requirement has applied the *Bryan* standard, with the limited exception noted previously. *United States v. Smukler*, 991 F.3d 472, 484 (3d Cir. 2021) ("FECA is best read to contain the ordinary meaning of 'willfully.'"); ECF No. 193 (Order), at 5, *United States v. Lundergan, et al.*, No. 5:18-cr-00106 (E.D. Ky.) (entered Aug. 7, 2019) (based on the inapplicability of the reasoning underlying the heightened *mens rea* standard articulated in *Cheek*

5

and *Ratzlaf*, finding "it unnecessary to require the Government to prove specific intent to violate [FECA criminal provisions]"); *Whittemore*, 944 F. Supp. 2d at 1010 ("the government must prove that Whittemore knew his conduct violated *some* law, but it need not prove which one"); *Danielczyk*, 788 F. Supp. 2d at 489-93 ("[T]he Government must prove that Defendants intended to violate the law (whatever the law was); but it need not prove Defendants' awareness of the specific law's commands."); R. 195 (jury instructions), at 11, 21, 29, 31, *United States v. Stockman*, No. 4:17-cr-116 (S.D. Tex.) (entered Apr. 9, 2018) (defining "willfully" for purposes of alleged FECA and § 1001 violations to "mean[] that the act was committed voluntary and purposely, with the specific intent to do something the law forbids; that is, with bad purpose either to disobey or disregard the law"); R. 546 (jury instructions), at 15, *United States v. Benton*, No. 4:15-cr-103 (S.D. Iowa) (entered May 3, 2016) (stating that "[a] person need not be aware of the specific law or rule that his conduct may be violating, but he must act with the intent to do something that he knows the law forbids"); *but see United States v. Trie*, 21 F. Supp. 2d 7, 15 (D.D.C. 1998) (applying heightened standard in case involving FECA offenses).  To the government's knowledge, no other court has interpreted FECA to require the *Ratzlaf* standard.

Furthermore, courts have held that the core prohibitions of FECA are not comparable to the regulatory schemes at issue in *Cheek* and *Ratzlaf*.  "[W]hile complex, the election statutes at issue d[o] not pose as high a risk of ensnaring individuals engaged in apparently innocent conduct as did highly technical statutes like tax law, and therefore d[o] not warrant a *Cheek/Ratzlaf*-level *mens rea*."  *United States v. Danielczyk*, 917 F. Supp. 2d 573, 577 (E.D. Va. 2013); *see Whittemore*, 944 F. Supp. 2d at 1008 ("'[c]ampaign contribution laws are not so complex or surprising that the average citizen would likely be trapped by them'") (quoting *United States v. Danielczyk*, 788 F. Supp. 2d 472, 490 (E.D. Va. 2011), *rev'd on other grounds*, 683 F.3d 611 (4th

Cir. 2012)); ECF No. 193 (Order), at 5-7, *United States v. Lundergan, et al.*, No. 5:18-cr-00106 (E.D. Ky.) (entered Aug. 7, 2019) (same).  FECA thus "calls for *Bryan*'s intermediate-level *mens rea* requirement."  *See Whittemore*, 944 F. Supp. 2d at 1008 (quoting *Danielczyk*, 788 F. Supp. 2d at 491).

## II.     *Mens Rea* Standard for Section 2 Offense

The fact that El-Saadi was charged under 18 U.S.C. § 2, which contains its own "willfulness" requirement, does not alter the result.  Section 2 does not itself define a substantive offense, but rather "describes the kinds of individuals who can be held responsible for a crime." *United States v. Armstrong*, 909 F.2d 1238, 1243 (9th Cir. 1990).  Under Section 2(b), an individual who causes an intermediary to commit a crime is culpable himself, so long as he possesses the intent to commit the underlying offense.  *United States v. Singh*, 979 F.3d 697, 716–18 (9th Cir. 2020) (noting that "the *actus reus* element merges with the *mens rea* element to focus liability on the person harboring the criminal intent." (citation omitted)), *cert. denied sub nom. Matsura v. United States*, 141 S. Ct. 2671 (Mem), 210 L. Ed. 2d 833 (May 24, 2021); *United States v. Gabriel*, 125 F.3d 89, 98 (2d Cir. 1997); *United States* v. *Michaels*, 796 F.2d 1112, 1117-18 (9th Cir. 1986); *see also* Gov't Mot. to Amend Proposed Jury Instr., ECF No. 194, at 3.  Accordingly, "an indictment [under Section 2] is sufficient if it alleges the criminal intent required for the substantive offense." *United States v. Cook*, 586 F.2d 572, 575 (5th Cir. 1978).  Thus, the requirement in Section 2 that the defendant "willfully cause[d]" an offense means only that the defendant intended to bring about the act constituting the crime, *see, e.g.*, *United States v. West Indies Transport, Inc.*, 127 F.3d 299, 307 (3d Cir. 1997), not that he must know that his conduct is unlawful, *see, e.g.*, *United States v. Michaels*, 706 F.2d at 1117-18, and certainly not that he had a specific intent to violate a particular criminal law.

In *United States v. Curran*, 20 F.3d 560 (3d Cir. 1994), the Third Circuit held that, to prove that a defendant violated Section 2(b) by willfully causing a violation of Section 1001, the government had to prove that the defendant knew his conduct was unlawful. *Id.* at 569. The *Curran* court relied on what it perceived to be similarities between the currency reporting laws at issue in *Ratzlaf* and the federal election statutes. *Id.* Consistent with *Curran*, the Third Circuit recently reiterated its finding that this heightened standard applies to prosecutions under 18 U.S.C. §§ 2(b) and 1001 "in the federal election law context." *Smukler*, 991 F.3d at 483–84 (quoting *Curran*, 20 F.3d at 569). At the same time, however, the court refused to extend this heightened standard to the substantive FECA criminal charges at issue because it found that "FECA is best read to contain the ordinary meaning of 'willfully.'" *Id.* at 484. While continuing this reasoning in *Smukler*, the Third Circuit has not explained how its view that Section 2(b) requires proof of knowledge of illegality in the federal election law context can be squared with other precedents establishing that it does not require proof of knowledge of illegality in other contexts. Moreover, the D.C. Circuit has rejected *Curran*'s interpretation of Sections 1001 and 2(b) and criticized that case for "extend[ing] *Ratzlaf* too far." *Hsia*, 176 F.3d at 522; *see also Gabriel*, 125 F.3d at 101-102 (rejecting *Curran* and holding that "the considerations that led the *Ratzlaf* Court to interpret 'willfully' to require a knowing violation of the law under section 5322 are of little aid in interpreting section 2(b)"). Accordingly, in FECA prosecutions outside the Third Circuit, courts have routinely applied the *Bryan* willfulness test both to substantive violations of FECA and to § 1001 violations arising from the submission of false reports by federal political committees to the Federal Election Commission. *See, e.g.*, ECF No. 298 (Jury Instructions), at 27, 29, *United States v. Lundergan, et al.*, No. 5:18-cr-00106 (E.D. Ky.) (entered Sept. 12, 2019) (applying *Bryan* willfulness standard in case involving unwitting submission by U.S. Senate campaign to the FEC

8

of false reports omitting unlawful corporate contributions); R. 195 (jury instructions), at 11, 21, 29, 31, *United States v. Stockman*, No. 4:17-cr-116 (S.D. Tex.) (entered Apr. 9, 2018) (applying *Bryan* willfulness standard in case involving false reports submitted to FEC at direction of candidate).

### III.    Standard for Charge under 18 U.S.C. § 371

The government further objects to El-Saadi's proposed instruction on the elements of conspiracy as charged under 18 U.S.C. § 371. El-Saadi has proposed the following:

> You must find Mr. El-Saadi not guilty of the conspiracy charge unless you unanimously agree that the government has proved each of the following elements beyond a reasonable doubt:
>
> (1) That between March 2016 and June 2018 there was an agreement between two or more people to commit at least one of three alleged crimes in the Indictment;
>
> (2) That Mr. El-Saadi knew the unlawful purpose or object of the conspiracy;
>
> (3) That Mr. El-Saadi voluntarily and intentionally joined in the conspiracy with the intent to further the conspiracy's unlawful object; and
>
> (4) At least one person involved in the alleged conspiracy knowingly performed at least one of the "overt acts" listed in the Indictment for the purpose of carrying out the conspiracy.

ECF No. 147, at 45 (El-Saadi Final Instruction No. 29). The elements for conspiracy articulated in El-Saadi's proposed instruction are inconsistent with law in this circuit. The D.C. Circuit has found that "[a] defendant is guilty of conspiracy when (1) he 'enter[s] into an agreement with at least one other person to commit a specific offense'; (2) he 'knowingly participate[s] in the conspiracy with the intent to commit the offense'; and (3) a member of the conspiracy commits 'at least one overt act . . . in furtherance of the

9

conspiracy.'"  *United States v. Smith*, 950 F.3d 893, 895 (D.C. Cir. 2020) (citations omitted).  This articulation is consistent with the government's proposed instructions:

> In order to find the defendants guilty of the conspiracy charged in Count Thirteen, you must find that the government has proven beyond a reasonable doubt each of the following three elements of the crime:
>
> First, that two or more persons entered the unlawful agreement charged in Count Thirteen of the Indictment;
>
> Second, that the defendant you are considering knowingly and willfully became a member of that alleged conspiracy; and
>
> Third, that one of the members of the conspiracy, not necessarily Mr. Diab or Mr. El-Saadi, knowingly committed at least one overt act in furtherance of the conspiracy.

ECF No. 149, at 9.

    For the foregoing reasons, the government respectfully submits that this Court adopt the *mens rea* standards that the government has proposed for the final jury instructions in this matter.

    Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

By:  */s/ Tanya Senanayake*
**Victor R. Salgado**
Senior Litigation Counsel
D.C. Bar No. 975013
**Michelle K. Parikh**
Trial Attorney
D.C. Bar No. 1044532
**Tanya D. Senanayake**
D.C. Bar 1006218
Public Integrity Section
Criminal Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

Dated:  March 4, 2022                                   /s/ Tanya Senanayake
                                                        Tanya Senanayake
                                                        Public Integrity Section
                                                        Criminal Division
                                                        U.S. Department of Justice