UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RANI EL-SAADI and MOHAMMAD DIAB,<br><br>*Defendants.* | Criminal No. 19-374 (RDM) |

Question No. 1

With respect to the obstruction count:

(1) Can a failure to correct misstatements made prior to acquiring knowledge of a grand jury proceeding, if such failure occurs after obtaining knowledge of the proceeding, satisfy the third element?

(2) Do the defendant's acts need to take place after the grand jury proceeding was initiated to satisfy the third element?

Response

(1) A violation of 18 U.S.C. § 1503 requires a nexus between an obstructive act and a judicial proceeding. Thus, if a defendant lacks knowledge that his actions are likely to affect a judicial proceeding—here, a grand jury proceeding—at the time he acts, he lacks the requisite intent to obstruct that proceeding. Anything that the defendant said or did after learning of the grand jury proceeding that was corruptly intended to influence, obstruct, or impede that proceeding, however, would violate the statute.

(2) Although it is not necessary that the grand jury have actually convened before Mr. Diab acted, you should convict on Count 50 only if you find beyond a reasonable doubt that he said something to the FBI Agents on or about March 20, 2019, that he believed was likely to affect the judicial proceeding, and that he did so with the corrupt intent to influence, obstruct, or impede that judicial proceeding. You need not find, however, that he was successful in achieving that unlawful objective.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RANI EL-SAADI and MOHAMMAD DIAB,<br><br>*Defendants.* | Criminal No. 19-374 (RDM) |

Question No. 2

    We have a question about the conspiracy count. Page 30 suggests, with respect to the first element, that it is sufficient to find that a defendant conspired with at least one other person. Page 32 suggests that we are to evaluate whether the conspiracy alleged in the indictment existed, which (per pages 38-39) the defendant joined. Do we need to find all elements on page 32 in addition to the standard on page 30.

Response

    To convict a Defendant on the conspiracy charge, you must find that the government has proven each of the three elements of a conspiracy (set forth on page 30 of my instructions) beyond a reasonable doubt. The instructions then explain in greater detail what is required with respect to each of the three elements. The first element requires proof beyond a reasonable doubt that the Defendant entered into an agreement with at least one other person (among those identified on page 32) to commit at least one of the object offenses of the conspiracy (among those identified on page 32, and further explained on pages 34-37). If you find beyond a reasonable doubt that the Defendant entered into an agreement with at least one of these people to commit at least one of the object offenses, you should then proceed to consider whether the government has proven the second and third elements of the conspiracy charge beyond a reasonable doubt.

    As noted on page 39, you must find that there was a single conspiracy involving the Defendant and at least one other person identified on page 32 to commit at least one of the object crimes identified on that page. You need not find, however, that each alleged co-conspirator knew each other or that each alleged co-conspirator was aware of each transaction alleged.